# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 13-cv-02883-REB

ALEJANDRO GARCIA CARBAJAL,

    Applicant,

v.

ERIC HOLDER,

    Respondent.

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

**Blackburn, J.**

This matter is before me on the ***pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** ("Application") [#4][1] filed November 6, 2013, by Applicant Alejandro Garcia Carbajal. On December 2, 2013, Respondent was ordered to show cause why the Application should not be granted. On December 23, 2013, Respondent filed a **Response to Petition** ("Response") [#13]. On January 14, 2014, Respondent file a **Notice of Immigration Court Action and Supplemental Response to Order to Show Cause** ("Supplemental Response") [#15]. Applicant has not filed a reply to either the Response or the Supplemental Response.

I reviewed carefully the pertinent portions of the record in this case, including the Application, Response, and Supplemental Response. I conclude that the Application

---

[1] "[#4] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case management and filing system (CM/ECF). I use this convention throughout this order.

should be denied.

## I. Background

Applicant was born in Mexico and has resided in the United States since 1985. (*See* [#4] at 6.)  Applicant's immigration status was adjusted to lawful permanent resident on October 9, 2001.  (*See* [#13-1] at 6.)  Since becoming a lawful permanent resident Applicant has been convicted of four criminal offenses in Colorado state courts. On August 10, 2007, Applicant was convicted in Jefferson County Court of possession of marijuana under one ounce; on September 13, 2012, he was convicted in Kit Carson County Court of possession of a dangerous weapon (sawed-off shotgun); on May 24, 2013, he was convicted in Lincoln County Court of vehicle eluding and possession of a weapon (nine millimeter semi-automatic handgun) by a previous offender; and on August 12, 2013, he was convicted in Kit Carson County Court of criminal mischief $1,000 - $20,000.  (*See id.* at 7.)

Applicant has been detained by immigration officials since August 14, 2013, when he was released from the Kit Carson County Jail.  (*See* [#4] at 6; [#13-1] at 6-7.) Applicant was held initially without bond pending removal proceedings.  (*See* [#13-1] at 13.)  On September 9, 2013, the immigration court determined Applicant's conviction for an aggravated felony disqualified him for cancellation of removal and ordered him removed from the United States.  (*See id.* at 15-18.)  On December 27, 2013, the Board of Immigration Appeals dismissed Applicant's administrative appeal, thereby affirming the order of removal.  (*See* [#15-1].)

Applicant initiated this action on October 22, 2013, while his administrative

appeal was pending.  He asserts three claims in the Application contending that  (1) his mandatory detention pursuant to 8 U.S.C. § 1226(c) is unlawful; (2) his detention without an individualized bond hearing violates his constitutional right to due process; and (3) he is not subject to removal because he is a national of the United States and not an alien.  As relief, Applicant requests an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), and he asks the Court to "grant and clarify" his status as a national of the United States pursuant to 8 U.S.C. § 1101(a)(22)(B).  (*See* [#4] at 5.)

## II.  Standards of Review

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 may be granted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal.  **See Demore v. Kim**, 538 U.S. 510, 517-18 (2003).

I must construe the papers filed by Applicant liberally because he is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520 (1972) (per curiam); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not be an advocate for a *pro se* litigant.  **See Hall**, 935 F.2d at 1110.

## III.  Legal Analysis

### A.  Proper Respondent

Respondent first argues, based on **Rumsfeld v. Padilla**, 542 U.S. 426 (2004), that Applicant has failed to name a proper respondent because the United States

Attorney General, the only respondent listed in the caption of the Application, is merely a remote supervisory official and is not Applicant's immediate custodian. According to Respondent, the proper respondent in this habeas corpus action is Johnny Choate, the warden of the Denver Contract Detention Facility in which Applicant is detained.

I will not dismiss the Application for failure to name a proper Respondent or require Applicant to file an amended pleading that lists only Warden Choate as a respondent. Applicant named Warden Choate as one of several respondents in his original pleading, (*see* [#1]), and Warden Choate has not been terminated as a party to this action. Furthermore, the Court is not persuaded that the immediate custodian rule in **Padilla** necessarily applies in a habeas corpus case, like the instant action, in which a non-citizen challenges the legality of his or her pre-removal detention. **See Castillo-Hernandez v. Longshore**, ___ F. Supp.2d ___, 2013 WL 6840192 at **2-13 (D. Colo. Dec. 27, 2013).

**B. Status as a National of the United States**

Applicant contends in his third claim for relief that he is not subject to removal because he is a national of the United States and not an alien. "The term 'national of the United States' means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22)(B). This claim will be dismissed for lack of subject matter jurisdiction because the claim, which challenges the removal proceedings that have culminated in a final order of removal, properly is raised in a petition for review of the removal order. **See** 8 U.S.C. § 1252(b)(5) (addressing treatment of nationality claims

on judicial review of orders for removal in the courts of appeals).

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." **Bender v. Williamsport Area Sch. Dist.,** 475 U.S. 534, 541 (1986). In the REAL ID Act of 2005, Congress curtailed habeas review of removal decisions by shifting "certain immigration disputes formerly raised through habeas corpus in the district courts to the courts of appeals and converted them into petitions for review." **Hem v. Maurer,** 458 F.3d 1185, 1188 n.3 (10th Cir. 2006). In particular, a new provision entitled "Exclusive Means of Review" provides as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.[2]

8 U.S.C. § 1252(a)(5). This section "makes a petition for review to an appellate court the sole means of review of an order of removal issued under the [Immigration and Nationality Act], and specifically excludes review under the habeas statutes." **Hem,** 458 F.3d at 1188 n.3. As a result, Applicant's claim that he is not subject to removal because he is a national of the United States and not an alien must be dismissed for lack of subject matter jurisdiction.

## C.  Detention under 8 U.S.C. § 1226

---

[2] 8 U.S.C. § 1252(e), which pertains to judicial review of orders under 8 U.S.C. § 1225(b)(1), does not apply here.

Applicant also challenges his mandatory detention pursuant to 8 U.S.C. § 1226(c) and the constitutionality of his detention under that statute without an individualized bond hearing.  For the reasons discussed below, I find that these claims are moot.

### 1.  Statutory framework

Title 8 U.S.C. § 1226 governs pre-removal detention of an alien.  Section 1226(a) authorizes immigration officials to arrest and to detain or release an alien during the pre-removal period pending a decision on whether the alien is to be removed from the United States.  The authority given to immigration officials pursuant to § 1226(a) to release an alien on bond during the pre-removal period applies in all circumstances "[e]xcept as provided in subsection (c) of this section."  Section 1226(c) provides for mandatory detention of certain criminal aliens without a bond hearing and provides, in relevant part, as follows:

> (c) Detention of criminal aliens
>
> > (1) Custody
> >
> > The Attorney General shall take into custody any alien who--
> >
> > (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> >
> > (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> >
> > (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [FN1] to a term of imprisonment of at least 1 year, or
> >
> > (D) is inadmissible under section 1182(a)(3)(B) of this title or

>>deportable under section 1227(a)(4)(B) of this title,

>when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c). The mandatory detention authorized by subsection (c) contains an extremely limited exception in witness-protection circumstances not applicable in this case. *See* 8 U.S.C. § 1226(c)(2).

After the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231. "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following dates:

>(i) The date the order of removal becomes administratively final.

>(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

>(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2).

### 2. Legal analysis

Under Article III of the Constitution, federal courts may only adjudicate live controversies. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009). An "actual controversy

must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (internal quotation marks omitted). A case becomes moot if an event occurs during the pendency of the action "that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." ***Church of Scientology v. United States***, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also **Kan. Judicial Review v. Stout***, 562 F.3d 1240, 1245 (10th Cir. 2009) ("If, during the pendency of the case, circumstances change such that [a party's] legally cognizable interest in a case is extinguished, the case is moot, and dismissal may be required.")

Applicant's claims challenging his mandatory detention without an individualized bond hearing during the pre-removal period now are moot because the Board of Immigration Appeals dismissed his administrative appeal on December 27, 2013, thereby affirming the order of removal. (*See* [#15-1].) There is no indication in the record before me that Applicant sought judicial review of the final administrative order and that a court ordered a stay of the removal order, *see* 8 U.S.C. § 1231(a)(1)(B)(ii), or that Applicant is detained for any reason other than the immigration proceedings, *see* 8 U.S.C. § 1231(a)(1)(B)(iii). Therefore, the removal period began on the date the order of removal became administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(i). In Applicant's case, the order became administratively final when the Board of Immigration Appeals affirmed the order on December 27, 2013. *See* 8 U.S.C. § 1101(a)(47)(B). On that date, the Attorney General's authority to detain Applicant shifted to 8 U.S.C. § 1231(a)(2), thereby rendering moot Applicant's claim challenging his detention under 8 U.S.C. § 1226. *See*, *e.g., **De la Teja v. United States***, 321 F.3d 1357, 1361-64 (11th

Cir. 2003) (alien's habeas petition challenging detention under 8 U.S.C. § 1226 is moot when removal period starts and detention authority shifts to 8 U.S.C. § 1231); ***Ufele v. Holder***, 473 F. App'x 144, 146 (3rd Cir. 2012) (per curiam) (stating that when removal order became administratively final, petitioner's detention switched from § 1226 to § 1231, thereby rendering moot his claim challenging the lawfulness of his detention under § 1226); ***Oyelude v. Chertoff***, 170 F. App'x 366, 367 n.4 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004 when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231."); ***see also Aguina-Arreola v. Holder***, No. 13-cv-02942-RM-KMT, 2014 WL 128559 at **2-3 (D. Colo. Jan. 10, 2014); ***Gomez-Hermosillo v. Holder***, No. 13-cv-02865-CMA, 2013 WL 6690002 at **2-3 (D. Colo. Dec. 19, 2013); ***Novitskiy v. Holm***, No. 12-cv-00965-MSK, 2013 WL 229577 at **2-4 (D. Colo. Jan, 22, 2013).

At this time, there is no remedy I could issue concerning the legality of Applicant's detention pursuant to § 1226(c) during the pre-removal period. ***See Spencer v. Kemna***, 523 U.S. 1, 18 (1998) ("But mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."). I recognize that a habeas corpus action should not be dismissed as moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly

certified class action suit." ***Riley v. INS****,* 310 F.3d 1253, 1257 (10th Cir. 2002). However, none of these exceptions apply to Applicant, who has no reasonable expectation that he will once again be detained under 8 U.S.C. § 1226. **See *Quezada v. Hendricks***, 821 F. Supp.2d 702, 708 (D.N.J. 2011). Therefore, Applicant's claims challenging his mandatory detention pursuant to 8 U.S.C. § 1226(c) and the constitutionality of his detention under that statute without an individualized bond hearing are moot.

### IV.  Conclusion

Applicant's claim challenging the final order of removal on the basis of his nationality will be dismissed for lack of subject matter jurisdiction and Applicant's claims challenging his mandatory detention pursuant to 8 U.S.C. § 1226(c), and the constitutionality of his detention under that statute without an individualized bond hearing will be dismissed as moot.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#4] filed November 6, 2013, is **DENIED**; and

2. That this case is **DISMISSED**.

Dated May 16, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge